IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOE HAND PROMOTIONS, INC.** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. **PJM 10-2428** |
| | * | |
| **PACIFIC GRILL, INC. T/A SASSO** | * | |
| **ECLECTIC TAPAS LOUNGE, et al.** | * | |
| | * | |
| Defendants. | * | |

### MEMORANDUM OPINION

Plaintiff Joe Hand Promotions, Inc. ("Joe Hand") sued Pacific Grill, Inc. (trading as Sasso Eclectic Tapas Lounge) ("Pacific Grill"), Nho Nguyen, and Mekalia Girma, alleging violations of 47 U.S.C. § 553, which proscribes theft from a cable network; 47 U.S.C. § 605, which protects companies against theft of their proprietary communications; and conversion. The Court stayed the case as to Defendant Nguyen based on his filing of a bankruptcy petition. *See* 11 U.S.C. § 362(a)(1). (Dkt. 12.) Defendant Girma has been voluntarily dismissed. Now pending before the Court is Plaintiff Joe Hand's Motion for Default Judgment against Defendant Pacific Grill, who was properly served but failed to respond to the Complaint. For the following reasons, Joe Hand's Motion will be **GRANTED**, although the Court rejects the requested damages and adjusts the award accordingly.

I.

Joe Hand is an international distributor of sports and entertainment programming. It purchased exclusive domestic television distribution rights to *Ultimate Fighting Championship 92: "The Ultimate 2008"* (the "Program"). Joe Hand then entered into sublicensing agreements with commercial entities throughout North America, wherein it granted limited public exhibition

rights to these entities for the benefit and entertainment of the patrons within their respective establishments (i.e., hotels, racetracks, casinos, taverns, bars, restaurants, social clubs, etc.). The interstate transmission of the Program was encrypted and made available only to Joe Hand's customers, those commercial entities who paid Joe Hand the requisite license fees to exhibit the Program.

Joe Hand alleges that Defendants violated 47 U.S.C. §§ 553 and 605 by knowingly intercepting, receiving, and exhibiting the Program without authorization and requests enhanced statutory damages in the amount of $50,000 and $100,000, respectively. Joe Hand also requests $1,500 in compensatory damages on its conversion claim. The record reflects that Pacific Grill was served with the Complaint on November 18, 2010. Pacific Grill did not respond within the requisite time period, and Joe Hand moved for entry of default on March 6, 2012. On March 29, 2012, the Clerk of the Court issued an Order of Default as to Pacific Grill. Several months later, Joe Hand filed the instant Motion for Default Judgment. Pacific Grill has failed to respond to any of Joe Hand's filings.

## II.

Pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Where a default has been entered and the complaint does not specify the amount of damages, the court may enter a default judgment upon the plaintiff's application and notice to the defaulting party, pursuant to Fed. R. Civ. P. 55(b)(2). A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Baltimore Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 540 (D. Md. 2011). The Fourth Circuit has a

Case 8:10-cv-02428-PJM   Document 38   Filed 11/13/12   Page 3 of 7


"strong policy that cases be decided on their merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). Nevertheless, default judgment may be appropriate where the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

In determining whether to award default judgment, the court accepts as true the well-pleaded factual allegations in the complaint concerning liability, but not damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Fed. R. Civ. P. 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "When a complaint demands a specific amount of damages, courts have generally held that a default judgment cannot award additional damages . . . because the defendant could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). Where the amount of damages is uncertain, "the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (citing *S.E.C. v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 814 (2d Cir. 1975); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). While the court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' Dist. Council Pension v. E.G.S., Inc.*, Civ. No.

09-3174, 2010 WL 1568595, at *3 (D. Md. Apr. 16, 2010) ("[O]n default judgment, the Court may only award damages without a hearing if the record supports the damages requested.").

### III.

In cases involving conduct similar to the allegations here, Courts have held that the conduct violated both §§ 553 and 605. *See, e.g., Kingvision Pay-Per-View, Ltd. v. Las Reynas Rest., Inc.*, Civ. No. 4:07–67, 2007 WL 2700008, at *1 (E.D.N.C. Sept. 11, 2007); *Kingvision Pay-Per-View, Ltd. v. Admiral's Anchor, Inc. No. 2*, 172 F. Supp. 2d 810, 812 (S.D.W.Va. Sept. 19, 2001). Nonetheless, plaintiffs cannot recover under both statues for the same conduct, so Courts typically grant recovery under only § 605, as it provides for greater recovery. *See, e.g., See J & J Sports Prods., Inc. v. Castro Corp.*, Civ. No. 11-188, 2011 WL 5244440, at *3 (D. Md. Nov. 1, 2011); *J & J Sports Prods., Inc. v. Quattrocche*, Civ. No. 09-3420, 2010 WL 2302353, at *1 (D. Md. June 7, 2010). Similarly, Courts have not permitted plaintiffs to recover on conversion in these instances, since such damages would not exceed those under §§ 553 or 605 and would result in double-recovery. *See J & J Sports Prod., Inc. v. J.R.'Z Neighborhood Sports Grille, Inc.*, Civ. No. 2:09–03141, 2010 WL 1838432, at *2 (D.S.C. April 5, 2010). Accordingly, the Court finds that Joe Hand has stated a valid claim under § 605 and will not consider damages under § 553 or for the conversion claim.

### A.

In *Quattrocche*, Judge Nickerson set forth the relevant considerations in a claim for damages under § 605(e)(3)(C)(i)(II):

> Here, Plaintiff has elected an award of statutory damages, which under 47 U.S.C. § 605(e)(3)(C)(i)(II) entitles Plaintiff to an award "as the court considers just," between a range of $1[,]000 to $10,000 for each unauthorized reception and publication of a radio communication by the defendants in violation of section 605(a). Courts in this Circuit have used two different approaches to exercising its discretion in awarding damages under § 605(e)(3)(C)(i)(II). The first approach has two variations. This approach involves

multiplying a certain amount by either the number of patrons observed in the defendant's establishment at the time the program was shown or by the maximum occupancy of the establishment. *Joe Hand Promotions, Inc. v. Bougie, Inc.*, Civ. No. 109–00590, 2010 WL 1790973, at * 5 (E.D. Va. April 12, 2010) (patrons present); *Admiral's Anchor*, 172 F. Supp. 2d at 812 (maximum occupancy); *Entm't by J & J, Inc. v. Gridiron, Inc.*, 232 F. Supp. 2d 679, 681 (S.D. W.Va. 2001) (maximum occupancy). The first variation seeks to approximate the defendant's profits or the plaintiff's lost earnings assuming each patron would have ordered the event for residential viewing. *291 Bar & Lounge*, 648 F. Supp. 2d at 474. The second variation seeks to award the license fee the defendant would have paid if it had legally purchased the event for exhibition. *Id.* The other approach to calculating damages is to award a flat sum per violation. *J.R.'Z Neighborhood Sports Grille*, 2010 WL 1838432, at *1 ($5[,]000); *Angry Ales*, 2007 WL 3226451, at *5 ($1[,]000); *Kingvision Pay-Per-View Ltd. v. Gadson*, Civ. No. 1:04–678, 2007 WL 2746780, at * 2 (M.D.N.C. Sept. 18, 2007) ($10,000); *Las Reynas Rest.* 2007 WL 2700008, at *3 ($2[,]000).

2010 WL 2302353, at *2.

In support of its argument that it is entitled to the maximum amount of statutory damages, Joe Hand attaches an affidavit of a private investigator who witnessed 1 television showing the Program in the Pacific Grill establishment. The other television was showing a football game. The investigator entered the establishment without paying a cover charge. The investigator bought a soft drink for $2. There was a "crowd" in the establishment so it was difficult for him to see the screen for more than a few seconds at a time. There is no evidence as to the size of the establishment or how many people would constitute crowd.

Joe Hand does not provide any sort of "rate card" demonstrating the cost for Pacific Grill to legally purchase the broadcast. *Cf. J & J Sports Prods., Inc. v. Greene*, Civ. No. 10–0105, 2010 WL 2696672, at *5 (D. Md. July 6, 2010) (awarding statutory damages of $2,200 based on rate card provided by Plaintiff demonstrating that it would have cost Defendants that amount to legally purchase broadcast). As a result, the Court cannot calculate the amount of profit Pacific Grill realized or the license fee that Joe Hand lost as a result of Pacific Grill's illegally obtaining the broadcast. *See Castro Corp.*, 2011 WL 5244440, at *4.

Accordingly, Joe Hand will be awarded statutory damages under § 605(e)(3)(C)(i)(II) equal to the lesser amount of $1,000.

### B.

Joe Hand argues that it is entitled to enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), which authorizes additional damages of up to $100,000 per violation if the Court determines that the violations were committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain." Courts look to several factors in determining whether enhanced damages are warranted, including: (1) evidence of willfulness; (2) repeated violations over an extended period of time; (3) substantial unlawful monetary gains; (4) advertising the broadcast; and (5) charging an admission fee or charging premiums for food and drinks. *See Quattrocche*, 2010 WL 2302353, at *2.

There is no dispute that Pacific Grill's actions in broadcasting the Program were willful and for direct or indirect commercial advantage. The Program was encrypted for viewing only by Joe Hand's customers, and "signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems." *Castro Corp.*, 2011 WL 5244440, at *4 (quoting *Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999)). There is no evidence, however, that Pacific Grill engaged in repeated violations, that it advertised the Program to potential customers in the days or weeks prior to airing it, or that any kind of an admission fee was charged or premiums put on food and drinks offered for sale. Indeed, of the two TVs in the establishment, only one was tuned to the Program; the other was displaying football. Moreover, the maximum award of $100,000 is clearly excessive in light of nearly identical cases resolved in this District. *See Castro Corp.*, 2011 WL 5244440, at *5 (ordering a total damages award of $7,000); *Greene*, 2010 WL 2696672, at *5 (ordering a total

damages award of $8,800); *Quattrocche*, 2010 WL 2302353, at *3 (ordering a total damages award of $5,000). Joe Hand has provided no special facts in this case to justify deviating from these prior holdings.

Nevertheless, the Court finds that some amount of enhanced damages is proper to deter unlawful uses of communications. Where there are no allegations of repeat behavior or other factors suggesting egregious willfulness, Courts generally award three to six times the statutory damages award in enhanced damages. *See, e.g., Castro Corp.*, 2011 WL 5244440, at *5 (awarding three times the statutory damages in enhanced damages); *Greene*, 2010 WL 2696672, at *5 (awarding three times the statutory damages in enhanced damages); *Quattrocche*, 2010 WL 2302353, at *3 (awarding five times the statutory damages); *J.R.'Z Neighborhood Sports*, 2010 WL 1838432, at *2 (awarding three times the statutory damages); *Angry Ales*, 2007 WL 3226451, at *5 (awarding two times the statutory damages). Here, where the evidence suggests that no admission fee was charged and Joe Hand has not provided any evidence demonstrating the cost to legally purchase the Program, the Court will multiply the statutory damages amount by a factor of three.

Thus, Plaintiff will be awarded enhanced damages under § 605(e)(3)(C)(ii) in an amount of $3,000 for a total damages award of $4,000.

### IV.

For the foregoing reasons, default judgment is **GRANTED** in the total amount of $4,000 jointly and severally against Defendants. A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**November 8, 2012**